UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:23-cr-00160 |
| Plaintiff, | ) ) ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | |
| JARON SOLOMON, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) ) | (Resolves Doc. 33) |

This matter is before the Court on the *Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release)* (Doc. 33) (the "Motion") filed by *pro se* Defendant Jaron Solomon ("Solomon"). The United States of America filed the *Response in Opposition to Defendant's Motion for Compassionate Release* (Doc. 34).

For the reasons stated below, the Motion is DENIED.

**I.    BACKGROUND**

A federal grand jury charged Solomon with felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Doc. 1. Solomon pled guilty pursuant to a plea agreement. Doc. 14.

At sentencing, the Court began with a guideline range of 30–37 months based on an offense level of 15 and a criminal history category of IV. Doc. 17 at p. 14, ¶ 76. However, after considering Solomon's criminal history, the Court varied up two levels to an adjusted offense level of 17 and a guideline range of 37–46 months, and sentenced Solomon to 46 months' imprisonment to reflect the seriousness of the offense, provide just punishment, afford adequate deterrence, and protect the public from further crimes. Docs. 24, 25.

1

Solomon now seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) based on his brother's need for medical assistance.

II. LAW AND ANALYSIS

The Court generally cannot change or modify a sentence once it is imposed unless that authority is expressly granted by statute. *United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019) (citation omitted). One grant of authority to modify sentences lies in 18 U.S.C. § 3582(c)(1)(A).

As a preliminary matter, if the motion for compassionate release is filed by the defendant, the Court must first ensure either i) they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or ii) that 30 days have lapsed from the receipt of the request by the warden of defendant's facility. 18 U.S.C. § 3582(c)(1)(A). According to the record, Solomon submitted a request to the warden on October 16, 2024 and received a response denying his request on November 4, 2024. Doc. 33-4 at pp. 2–3. Solomon then filed the Motion here over a month later, on December 17, 2024, therefore this first procedural requirement is satisfied.

The Sixth Circuit explained this Court's duties and obligations when considering a motion for compassionate release as follows:

> In resolving those motions, district courts now face two questions: (1) whether extraordinary and compelling circumstances merit a sentence reduction; and (2) whether the applicable § 3553(a) factors warrant such a reduction. A third consideration, the § 1B1.13 policy statement, is no longer a requirement courts must address in ruling on defendant-filed motions. *Hampton*, 985 F.3d at 531. To that end, district courts need not confine themselves to evaluating extraordinary and compelling reasons as defined by the Sentencing Commission in the § 1B1.13 policy statement. *Elias*, 984 F.3d at 519.

*United States v. Montero*, 842 F. App'x. 1007, 1008 (6th Cir. 2021) (internal quotation marks omitted). In short, district courts have discretion to define "extraordinary and compelling"

2

circumstances. *United States v. McCall*, 56 F.4th 1048, 1054–55 (6th Cir. 2022). In November 2023, Amendment 814 took effect and altered the policy statement, U.S.S.G. § 1B1.13, providing for its application to motions for compassionate release filed by defendants. *United States v. Sandlain*, No. 23-2101, 2024 U.S. App. LEXIS 8273, at *4 (6th Cir. Apr. 5, 2024). Most notably here, the policy statement sheds light upon "extraordinary and compelling" reasons and adds new guidance as to when medical and family circumstances may be considered. *See* U.S.S.G. §§ 1B1.13(b)(1), (3).

### A. Solomon's Family Circumstances

Solomon states that his "brother"[1] is in failing health and requires his care for diabetes, which calls for dialysis and assistance with basic needs such as walking and errands. Doc. 33 at p. 5. Solomon also indicates he is the only available caregiver. *Id.*

Family circumstances may demonstrate "extraordinary and compelling" reasons with the proper evidence. *See United States v. Beard*, No. 22-3767, 2023 U.S. App. LEXIS 8405, at *5 (6th Cir. April 7, 2023). With respect to care of a family member, a defendant seeking compassionate release should submit evidence as to whether the person has access to another caretaker, records to substantiate their health condition(s), and the extent of care the individual requires. *Id.* The policy statement indicates the incapacitation of defendant's sibling may be an "extraordinary and compelling" reason only when the defendant would be the only available caregiver. 18 U.S.C. Appx. § 1B1.13(b)(3). Solomon provided no evidence as to the severity of his brother's condition(s) and, although he claims he is the only available caregiver, he does not detail how he would provide care if released. Therefore, his brother's circumstances do not rise to the level of

---

[1] Solomon uses quotation marks when referencing the individual he identifies as his brother and it is unclear whether James Langford is immediate family or someone with whom Solomon has a similar relationship.

3

"extraordinary and compelling" reasons warranting Solomon's compassionate release. *See Beard*, at *5.

### B. The Section 3553(a) Factors

If the defendant establishes that "extraordinary and compelling" reasons for their release exist, the second question the Court faces is whether the applicable § 3553(a) factors warrant such a reduction. *United States v. Montero*, 842 F. App'x. 1007, 1008 (6th Cir. 2021). Although the Court finds Solomon has not met the threshold requirement of establishing "extraordinary and compelling" reasons, it has additionally considered the § 3553(a) factors to alternatively find they do not warrant his release.

The § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

Solomon makes no mention of how the 3553(a) factors may weigh in his favor. However, upon consideration of all applicable § 3553(a) factors, the Court has determined that release is not warranted in light of the circumstances of Solomon's case. Most relevant here is the need of the sentence to promote respect for the law, afford adequate deterrence, and protect the public from

future crimes. *See* 18 U.S.C. §§ 3553(a)(1) and (2). Solomon's criminal history is troubling. His first arrest occurred at age 18 when he was convicted of drug abuse. Doc. 17 at p. 6, ¶ 32. He was arrested two more times that year for drug-related charges and his criminal inclinations quickly ramped up by age 20. Doc. 17 at pp. 6–7, ¶¶ 33–34. Solomon then accrued eight more arrests in as many years and was discharged from community control only nine months before the underlying charge in this case. Doc. 17 at pp. 7–9, ¶¶ 35–42. His history includes arrests for various crimes such as drug trafficking, disorderly conduct, trespass, felonious assault, and felonious assault with a firearm specification. *Id.* This pattern shows Solomon lacks respect for the law and has yet to be deterred from illegal activity. Accordingly, the Court finds that deterrence and the safety of the public weigh heavily against release.

At the time of sentencing, the Court considered the applicable factors and determined that a 46-month sentence promoted respect for the law, afforded adequate deterrence, and protected the public. *See* 18 U.S.C. § 3553(a)(2). The Court finds the same today.

### III. CONCLUSION

Solomon does not present "extraordinary and compelling" circumstances that warrant his compassionate release. Additionally, the applicable § 3553(a) factors do not warrant a reduction to his sentence. For the reasons stated above, the *Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release)* (Doc. 33) is DENIED.[2]

Date: May 27, 2025    /s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

---

[2] As it pertains to this Motion, Solomon's *Motion to Appoint Counsel* (Doc. 37) is similarly DENIED. The request for counsel remains pending related to Solomon's separate *Motion to Vacate under 28 U.S.C. § 2255* (Doc. 35).