UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JARON SOLOMON, | ) | CASE NO.:  1:25-cv-00141 |
| | ) | 1:23-cr-00160 |
| Petitioner, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Respondent. | ) | (Resolves Docs. 35, 37, 38) |
| | ) | |

This matter is before the Court upon Jaron Solomon's ("Solomon") *Motion to Vacate, Set Aside, or Correct a Sentence* pursuant to 28 U.S.C. § 2255 (Doc. 35). The United States of America (the "Government") filed the *Government's Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence.* Doc. 38. The matter is now fully briefed and ready for disposition. For the reasons set forth herein, the Motion is DENIED.

## I. PROCEDURAL BACKGROUND

A federal grand jury returned an indictment charging Solomon with felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Doc. 1. Solomon pled guilty pursuant to a plea agreement. Doc. 14. On October 10, 2023, the Court sentenced Solomon to 46 months' imprisonment. Doc. 24. Solomon filed the *Notice of Appeal* (Doc. 26), and the Sixth Circuit affirmed. *See United States v. Solomon*, No. 23-3854, 2024 U.S. App. LEXIS 19822 (6th Cir. Aug. 6, 2024).  He then filed the *Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release)* (Doc. 33), which the Court denied. He now proceeds

1

with the Motion, wherein he argues that he was denied effective assistance of counsel as a last effort toward a sentence reduction.

## II. LEGAL STANDARD

A prisoner in custody that moves to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 must show that (i) the sentence was imposed in violation of the Constitution or laws of the United States, (ii) the court was without jurisdiction to impose such sentence, (iii) the sentence was in excess of the maximum authorized by law, or (iv) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Solomon's claims of ineffective assistance of counsel fall in the first category because he alleges that his constitutional right to the effective assistance of counsel was violated. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

A motion made pursuant to 28 U.S.C. § 2255 is the appropriate vehicle for raising a claim of ineffective assistance of counsel. *United States v. Daniel*, 956 F.2d 540, 543 (6th Cir. 1992) ("Ineffective assistance of counsel claims are best brought by a defendant in a post-conviction proceeding under 28 U.S.C. § 2255 so that the parties can develop an adequate record on the issue.") The test of counsel's effectiveness was set forth by the Supreme Court in *Strickland v. Washington*. The measure used is whether the representation fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). To succeed on their claim of ineffective assistance of counsel, the defendant must show both a deficient performance and resulting prejudice. *Id.* at 688. Counsel's performance is evaluated considering all circumstances, based on their perspective at the time. *Snider v. United States*, 908 F.3d 183, 192 (6th Cir. 2018) (citing *Strickland*, 466 U.S. at 689). Further, counsel's strategic choices are granted a high level of deference under the presumption that the challenged action might be considered sound trial strategy. *Tremble v. Burt*, 497 Fed. Appx. 536, 574 (6th Cir. 2012) (citation and internal quotation

marks omitted). The second part of the *Strickland* test – whether there was resulting prejudice – is more difficult. To succeed on this prong, a defendant must prove that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Bullard v. United States*, 937 F.3d 654, 661 (6th Cir. 2019) (citation omitted).

### III. ANALYSIS

#### a. Ineffective Assistance of Counsel – Camera Footage

Solomon first argues that his trial counsel was ineffective when they did not present evidence of camera footage that would have proved Solomon was not involved in a drug transaction during the time of the offense. Doc. 35-1 at p. 1.

"Trial management is the lawyer's province: Counsel provides his or her assistance by making decisions such as what arguments to pursue, what evidentiary objections to raise, and what agreements to conclude regarding the admission of evidence." *McCoy v. Louisiana*, 584 U.S. 414, 422 (2018) (internal citation and quotation marks omitted). Solomon was charged with, and pled guilty to, illegally possessing a firearm, rather than engaging in drug trafficking as this argument suggests. While he may not have agreed with his counsel's decision to not subpoena the camera footage, he has not provided any information or argument as to how that performance was deficient or prejudicial. *See Bullard* at 661. Accordingly, this ground for relief is denied.

#### b. Ineffective Assistance of Counsel – Objection to Presentence Report

Solomon next claims that trial counsel was ineffective when they did not object to a prior drug conviction being part of his criminal history calculation that was used for determination of the sentencing guideline. Doc. 35-1 at p. 1.

When an issue is addressed by the appellate court on direct appeal, petitioner cannot use a § 2255 motion to relitigate the issue, absent an intervening change in law. *Oliver v. United States*,

3

90 F.3d 177, 180 (6th Cir. 1996). The issue of whether Solomon's misdemeanor conviction for marijuana possession was properly counted was addressed on direct appeal, and the Sixth Circuit affirmed the Court's application of the Sentencing Guidelines. *See United States v. Solomon*, No. 23-3854, 2024 U.S. App. LEXIS 19822, at *7–8 (6th Cir. Aug. 6, 2024). Therefore, the matter cannot be relitigated. *See Oliver* at 180. Accordingly, Solomon has not established any resulting prejudice due to counsel's alleged errors. *See Bullard*, 937 F.3d at 661. This ground for relief is denied.

## IV. CONCLUSION

For the foregoing reasons, Solomon's *Motion to Vacate, Set Aside, or Correct a Sentence* (Doc. 35) is DENIED.[1] Pursuant to 28 U.S.C § 1915(a)(3), the Court certifies that Solomon may not take an appeal from the Court's decision in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

November 25, 2025  /s/ *John R. Adams*
DATE  JOHN R. ADAMS
  UNITED STATES DISTRICT JUDGE

---

[1] Solomon includes a request for appointed counsel for this matter. Doc. 37. The Court may appoint counsel for a financially eligible individual in a § 2255 proceeding when the interests of justice require it. 18 U.S.C. § 3006A(a)(2)(B). The Court finds the issues herein are neither complex nor meritorious, therefore there is no basis for the appointment of counsel. The *Motion to Appoint Counsel* (Doc. 37) is accordingly DENIED.